UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AMY J. HOUSEHOLDER, et al.,

    Plaintiffs,

    v.

THE ESTATE OF MICHAEL
M. VAUGHN, et al.,

    Defendants.

Case No. 2:15-cv-2750
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' motion to dismiss (ECF No. 8) and Plaintiffs' memorandum in opposition (ECF No. 12). For the reasons that follow, the Court **DENIES** the motion.

### I. Background

According to the complaint, Michael M. Vaughn was driving a Dodge truck in Belmont County, Ohio, on August 29, 2013, at approximately 1:43 a.m. Plaintiff Amy J. Householder was a passenger in the truck, which was owned by Defendant Tri-State Wireline, LLC. Vaughn lost control of the vehicle, which went off the right side of the road and rolled over before coming to a rest. The complaint alleges that Vaughn was under the influence of alcohol at the time and that he had operated the truck in violation of state law.

Householder suffered multiple injuries. She, her husband, and her two children filed a three-count complaint in the Belmont County Court of Common Pleas against the estate of the deceased Vaughn and against Tri-State Wireline, LLC. (ECF No. 4.) Defendants subsequently

1

removed the action to this Court.  (ECF No. 1.)  In conjunction with its answer, the Estate of Michael M. Vaughn filed a motion to dismiss.  (ECF No. 8.)  Briefing has closed on the motion, which is ripe for disposition.

## II. Discussion

### A. Standard Involved

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is proper if a complaint fails to state a claim upon which the Court can grant relief.  Consequently, this Court must construe Plaintiff's complaint in his favor, accept the factual allegations contained in that pleading as true, and determine whether the factual allegations present plausible claims.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007).  The United States Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Consequently, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.

To be considered plausible, a claim must be more than merely conceivable.  *Twombly*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).  What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  The factual allegations of a pleading

2

"must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.  *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

**B.**     **Analysis**

Defendants seek dismissal of three components of Plaintiffs' complaint.[1]  The first targeted component is the allegations that Michael Vaughn's actions were "reckless" and that "he drove his vehicle while under the influence of alcohol," both of which are set forth in paragraph 6 of the complaint:

> 6.     The operation of the Dodge truck by Michael M. Vaughn was negligent, careless, *reckless* and improper on that he failed to control his vehicle, he drove his vehicle too fast for conditions, *he drove his vehicle while under the influence of alcohol*, and he otherwise violated the traffic and safety laws of the State of Ohio.

(ECF No. 4, at Page ID # 25 ¶ 6 (emphasis added).)

Second, Defendants also seek to dismiss the third claim that Plaintiffs asserts, designated the "Third Cause of Action" in the complaint.  The claim reads:

> 16.     The plaintiffs hereby reallege all of the claims contained in paragraphs 1 through 15 above as if expressly set forth herein.
>
> 17.     The actions of Michael M. Vaughn and Tri-State Wireline, LLC as aforesaid were malicious in that they demonstrated a conscious disregard for the rights and safety of other persons, including plaintiff, Amy J. Householder, that had a great probability of causing substantial harm.

---

[1]  The Court recognizes that although a defendant must file a Rule 12(b)(6) motion prior to filing an answer, the Estate of Michael M. Vaughn curiously filed its motion to dismiss as part of its answer.  The error is ultimately immaterial because even if the Court were to regard the motion more properly as one under Rule 12(c) for judgment on the pleadings, the same standard applies. *See Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007) (post-*Twombly* case stating that Rule 12(b)(6) standard is the same as Rule 12(c) standard).

>     18.    The actions and/or omissions of the defendant, Tri-State Wireline, LLC, were malicious in that said defendant authorized, participated in, and/or ratified the actions of Michael M. Vaughn.

(ECF No. 4, at Page ID # 27 ¶¶ 16-18.)

Third, Defendants last seek to dismiss the demand for punitive damages in the complaint's prayer for relief: "*WHEREFORE*, plaintiffs each pray for judgment against the defendants, jointly and severally, as and for both compensatory *and punitive* damages in an amount in excess of $25,000, for pre-judgment and post-judgment interest, for their attorney fees and for such other relief as may be proper."  (ECF No. 4, at Page ID # 27 (emphasis added).)

Defendants' argument for dismissal is as follows: The applicable state law permits an award of punitive damages in an alcohol-related motor vehicle accident case only when a plaintiff demonstrates actual malice.  But the complaint does not plead facts demonstrating that Vaughn consumed alcohol prior to operating the vehicle involved in the accident or that he acted with actual malice.  Additionally, Defendants argue, the complaint's allegation that "[t]he operation of the Dodge truck by Michael M. Vaughn was negligent, careless, reckless and improper" does not satisfy the requirements for asserting actual malice.  (ECF No. 4, at Page ID # 25 ¶ 6.)  Defendants argue that Paragraph 17 of the complaint, which alleges malice, is insufficient because it fails to provide a factual allegation connecting the alleged conduct of Vaughn to conscious disregard for Householder.  Finally, Defendants point out, the prayer for relief fails to include an allegation of malice in connection with the demand for punitive damages.

None of this reasoning is persuasive.  Notice pleading applies, and common sense permissibly guides this Court's reading of the complaint.  The allegation that Vaughn operated

4

the truck while under the influence reasonably and logically implies that he had consumed alcohol prior to driving the truck. Additionally, this Court recognized in another case that

> Ohio appellate courts have previously addressed the issue of whether a claim for punitive damages must include the term "malice" in the complaint and have determined that it need not. *See Brookridge Party Center, Inc. v. Fisher Foods, Inc.*, 12 Ohio App.3d 130, 131, 468 N.E.2d 63 (Ohio App. 1984) ( "Punitive damages need not be specially pleaded or claimed. They are recoverable if the evidence warrants their allowance.") (footnote and citations omitted); *Lambert v. Shearer*, 84 Ohio App.3d 266, 273, 616 N.E.2d 965 (Ohio App. 10 Dist. 1992) (same).

*Acton v. Excel Indus., Inc.*, No. 2:08-CV-315, 2009 WL 1794559, at *6 (S.D. Ohio June 23, 2009). In that case, this Court noted that the plaintiff "pleaded entitlement to punitive damages through allegations that the defendant's actions were 'reckless, willful, and wanton' " and therefore concluded that the plaintiff had "sufficiently pled a claim for relief for punitive damages." *Id.* Plaintiffs' allegations here that Vaughn acted recklessly and maliciously similarly suffice to survive dismissal.

One plausible inference drawn from a driver who consumes too much alcohol and then operates a vehicle with a passenger inside is that the driver acted with a conscious disregard for the rights and safety of the passenger that has a great probability of causing substantial harm. *See Cabe v. Lunich*, 70 Ohio St.3d 598, 601, 640 N.E.2d 159, 162-63 (1994) ("We are convinced that the conduct of drinking and driving may well, under the circumstances of each individual case, constitute the kind of reckless, outrageous behavior justifying a jury to conclude that the defendant possessed a willful indifference to the rights and safety of others justifying an award of punitive damages."). This can include " 'extremely reckless behavior revealing a conscious disregard for a great and obvious harm.' " *Id.* (quoting *Preston v. Murty*, 32 Ohio St.3d 334,

5

335, 512 N.E.2d 1174, 1175 (1987)).  Finally, this Court is aware of no rule or holding that malice must be pled *in the prayer*, as opposed to in the preceding portions of the complaint, and the Estate of Michael M. Vaughn has failed to direct this Court to any such authority.

### III. Conclusion

The Court **DENIES** Defendants' motion to dismiss.  (ECF No. 8.)

**IT IS SO ORDERED.**

      /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE